IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE,** ) | |
| No. B31317 ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-00841-MJR |
| ) | |
| **SHARON HANSEN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Donnie D. White, recently paroled from the Illinois Department of Corrections, ("IDOC") brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on that occurred while he was in prison. The initial complaint (Doc. 1) pertained to events at Pontiac Correctional Center and Tamms Correctional Center between January 2011 and when Plaintiff was released in April 2014. The blunderbuss complaint was dismissed without prejudice, and general guidance was offered for filing a viable amended complaint (Doc. 4). Plaintiff's amended complaint (Doc. 5) is now before the Court.

As a preliminary matter, Plaintiff has moved for leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a)(1) (*see* Doc. 2).[1] Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant

---

[1] At the time of filing the complaint, Plaintiff had been released from the custody of the Illinois Department of Corrections (*see* Doc. 2). Consequently, Plaintiff does not meet the statutory definition of prisoner. *See* 28 U.S.C. § 1915(h). The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir.1998). Although Plaintiff has been released, his prisoner identification number is included for reference, for the convenience of the Court and Defendants.

"submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case, and it appears that he financially qualifies as a pauper. The motion (Doc. 2) will be granted, but the Court's inquiry does not end there.

Under 28 U.S.C. § 1915(e)(2), "at any time" a court can deny a qualified plaintiff leave to proceed as a pauper, or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id.* at 557. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). At this juncture, the factual allegations of the *pro se* pleading are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

Plaintiff brings suit against 184 named defendants—IDOC officials, correctional officers, and medical staff (who presumably work at Tamms).[2] The incidents at issue are generally grouped by date[3] and revolve around incidents of excessive force and "felony battery" (which is not actionable in a civil case). Related claims are presented regarding the denial of medical care

---

[2] The amended complaint does not reflect where the vast majority of the 184 named defendants work, impeding service of summons and the complaint.

[3] Seven dates between January 2011 and December 2012 are at issue.

and the "conspiratorial" issuance of false disciplinary reports. Plaintiff attempts to tie 44 claims together by asserting two overarching claims, Counts 45 and 46.

Count 45, labeled "Code of Silence," is, in effect, a conspiracy claim. Plaintiff argues that all of the conduct at issue in Counts 1-44 occurred due to a code of silence within the Illinois Department of Corrections ("IDOC"), and at Tamms Correctional Center and Pontiac Correctional Center.[4] The thrust of the argument is that if the prison system worked correctly from top to bottom, nothing ill would ever befall an inmate.

Count 46, labeled "Supervisory Liability/Failure to Train and Supervise," asserts that IDOC and Tamms officials face supervisory liability based on oral and written notice, as well as personal observation of the events underlying "Counts 8-65."[5]

Plaintiff prays for declaratory judgment, compensatory and punitive damages, and injunctive relief. (As explained relative to the original complaint, injunctive relief is unavailable now that Plaintiff has been released from prison.)

The 27-page amended complaint is relatively succinct—down to 46 counts from the 76 presented in the original complaint. Nevertheless, it must again be dismissed. Counts 45 and 46 fail, so there is no basis for joining all 46 counts in a single case. Although several of the 46 counts appear to state colorable constitutional claims, when the amended complaint is read as a whole there are too many faults and inconsistencies (even under the liberal notice pleading standard) for the Court to recognize and then sever claims, so as to not prejudice Plaintiff with

---

[4] The reference to Pontiac is but one of many instances where Plaintiff has not been completely successful in redrafting the original complaint. Most of theses confusing bits can be ignored, but not all, as will be discussed.

[5] Again, it appears that Plaintiff has failed to properly redraft the complaint and, in the process, muddled Count 46.

respect to the two-year statute of limitations. Plaintiff will be afforded a <u>final</u> opportunity to present a properly pleaded complaint.

## Discussion

### Counts 45 and 46, and the Joinder of Claims

Federal Rule of Civil Procedure 18 generally permits a party to join "as many claims as it has against an opposing party." FED.R.CIV.P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). With that said, Rule 20 permits multiple defendants to be joined in a single action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A), (B). Accordingly, "a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright" must be rejected. *George*, 507 F.3d at 607.

As already noted, the amended complaint presents 44 claims that are generally grouped around seven dates. The basic scheme is that on each date guards used excessive force against Plaintiff and committed "felony battery," while others stood by and did nothing; then, Plaintiff was denied medical care for his injuries; and, in an act of "conspiracy," he was issued a false disciplinary report. All of that is allegedly possible because of a policy and practice within the IDOC—a "code of silence."

Count 45 fails to allege a conspiracy; it is merely an assertion of a conspiratorial code of silence. Multiple incidents do not constitute a conspiracy. Claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason,* 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson,* 457 F.3d 711, 716 (7th

Cir. 2006)). The allegations of conspiracy in the amended complaint are conclusory and are insufficient under the *Twombly* pleading standard.

"To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.,* 197 F.3d 256, 263 (7th Cir.1999)). Even if all of the acts alleged occurred, without more than Plaintiff's bare assertion, it is unreasonable to conclude that all 184 defendants—from the Director of the IDOC on down—had a common agreement to violate Plaintiff's constitutional rights. Thus, Count 45 will be dismissed.

Count 46, regarding supervisory liability and a failure of IDOC Director Godinez and 46 other defendants to train those correctional officers under them, will also be dismissed. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Backes v. Village of Peoria Heights, Illinois,* 662 F.3d 866, 870 (7th Cir. 2011). Although

supervisory defendants may face liability on a claim-by-claim basis (i.e., Counts 1-44), Count 46, which is pleaded as a mere assertion, fails to state a claim under the *Twombly* pleading standard.  Consequently, Count 46 cannot serve as the thread that ties Counts 1-44 together in a single complaint.

Because Plaintiff has now had two opportunities to plead a unifying claim—to adequately plead Counts 45 and 46—it is clear that it is not a pleading deficiency, but rather that those claims fail on their merits.  Dismissal shall be *with* prejudice.  *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim).  Plaintiff should note that the effect of the dismissal of Counts 45 and 46 is that those claims cannot be brought in a second amended complaint.  Moreover, Counts 1-44 must be severed into groups of related claims—presumably based on the seven dates when Plaintiff was assaulted.  If those claims survive preliminary review, they will be severed into separate cases.

### Counts 1-44

The Court attempted to divide Counts 1-44 and review them to ensure colorable constitutional claims have been stated, but the cumulative effect of numerous minor flaws has made that task too time consuming, and the Court to make certain decisions that are best left to Plaintiff, as he is the master of his case.

Federal Rule of Civil Procedure 8(a) requires only notice pleading.  "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a

comprehensible claim." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (affirming the dismissal of a complaint with 400 paragraphs covering 155 pages followed by ninety-nine attachments, replete with undefined acronyms and mysterious cross-references). The amended complaint is a mere 27 pages. It is quite remarkable that the narrative of claims is only 20 pages, considering there are 184 named defendants. It is not the size of the pleading, nor is it even the incredible number of defendants, that dooms the amended complaint.

Throughout the amended complaint, where Plaintiff has crossed out count numbers from the original complaint, he has failed to go back and insert the relevant new claim numbers. In many instances, it is easy and reasonable to assume that the omitted claim numbers are those of the other claims based on events occurring on a particular date—although the Court and defendants should not have to guess about key references. However, there are also instances where old claim numbers were not changed and are clearly incorrect. For example, Count 29, which is among the group of claims regarding the events of May 29, 2012, alleges "deliberate indifference to harm" and cross references Count 13, which is a claim about a false disciplinary report issued on July 1, 2011 (*see* Doc. 5, pp. 10, 17). There are also claims (Counts 29-32), which simply do not make sense, regardless of missing or incorrect claim numbers. Although the Court liberally construes *pro se* litigants' pleadings, it is Plaintiff's responsibility, not the Court's, to assemble a comprehensible complaint. *See Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011) (unintelligibility and disorganization justify rejecting a complaint).

Counts 1-44 will be dismissed without prejudice and Plaintiff will be given a <u>final</u> opportunity to present a viable pleading.

**Disposition**

**IT IS HEREBY ORDERED** that, Plaintiff's motion for pauper status (Doc. 2) is **GRANTED**, based solely on Plaintiff's financial status.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNT 45** alleging a conspiratorial "code of silence," and **COUNT 46** regarding supervisory liability and failure to train, are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that, without comment on their merits, **COUNTS 1-44** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **April 3, 2015**, Plaintiff shall file a second amended complaint. If a second amended complaint is file, it will undergo review pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is **ADVISED** that failure to file an amended complaint in this action by the prescribed deadline will result in the dismissal of this action with prejudice, ending the case.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 10, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**